**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**MARY HUBBARD, Individually, and**
**MARY HUBBARD and GREGORY LOVELL,**
**as Parents and Natural Guardians of**
**P.L., a Minor,**

     **Plaintiffs,**

**vs.**                                                                                              **Case No.:**

**CAMPBELL SOUP COMPANY;**
**CAMPBELL SOUP SUPPLY COMPANY, LLC;**
**WALMART, INC.; and**
**WAL-MART STORES EAST, LP,**

     **Defendants.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW** Plaintiffs, MARY HUBBARD, Individually, and MARY HUBBARD and GREGORY LOVELL, as Parents and Natural Guardians of P.L., a Minor, by and through undersigned counsel, and sue the Defendants, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-MART STORES EAST, LP, and allege as follows:

### JURISDICTION AND VENUE

1. This is an action for damages which exceed Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs and interest, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332, as this matter involves citizens of different states and the amount in controversy exceeds the jurisdictional threshold.

2. The events giving rise to the claims complained of herein occurred in Okeechobee

1

County, Florida, which is within the Fort Pierce Division of the Southern District of Florida.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the incident occurred, and all Plaintiffs reside, within the Fort Pierce Division of the Southern District of Florida.

## PARTIES

4.      At all times material hereto, Plaintiff, MARY HUBBARD (hereinafter referred to as "HUBBARD"), is a resident of Okeechobee County, Florida.

5.      At all times material hereto, Plaintiff, GREGORY LOVELL (hereinafter referred to as "LOVELL"), is a resident of Okeechobee County, Florida.

6.      At all times material hereto, P.L. is a minor child who is a resident of Okeechobee County, Florida, and is the child of MARY HUBBARD and GREGORY LOVELL. Mary Hubbard and Gregory Lovell bring this action on P.L.'s behalf as her parents and natural guardians.

7.      At all times material hereto, Defendant, CAMPBELL SOUP COMPANY (hereinafter referred to as "CAMPBELL SOUP"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Camden, New Jersey. At all times material hereto, CAMPBELL SOUP was engaged in the business of manufacturing, marketing, distributing, and selling food products, including Campbell's SpaghettiOs, throughout the United States, including the State of Florida.

8.      At all times material hereto, Defendant, CAMPBELL SOUP SUPPLY COMPANY, LLC (hereinafter referred to as "CAMPBELL SUPPLY"), is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business in Camden, New Jersey. At all times material hereto, CAMPBELL SUPPLY was engaged in the manufacture, processing, and/or supply of Campbell's SpaghettiOs and other food products distributed and sold throughout the United States, including the State of Florida.

9.     At all times material hereto, Defendant, WALMART, INC. (hereinafter referred to as "WALMART"), is a corporation with its principal place of business in Bentonville, Arkansas. At all times material hereto, Walmart was engaged in the retail sale of consumer goods, including Campbell's SpaghettiOs, throughout the United States, including the State of Florida.

10.    At all times material hereto, Defendant, WAL-MART STORES EAST, LP (hereinafter referred to as "WAL-MART EAST"), is a limited partnership conducting business in the State of Florida, including the operation of Walmart Supercenter #814, located at 2101 South Parrott Avenue, Okeechobee, Florida 34974, from which the product at issue in this matter was sold. At all times material hereto, WAL-MART EAST was engaged in the retail sale of consumer goods, including Campbell's SpaghettiOs, and was acting in concert with and/or as the operating entity of Defendant WALMART with respect to the acts and omissions alleged herein.

11.    Collectively, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-MART STORES EAST, LP, are hereinafter referred to as "DEFENDANTS."

## FACTUAL ALLEGATIONS

12.    At all times material hereto, DEFENDANTS designed, manufactured, distributed, supplied, and/or sold Campbell's SpaghettiOs, a canned pasta food product.

13.    In approximately June of 2024, prior to June 6, 2024, Plaintiff, HUBBARD, purchased Campbell's SpaghettiOs from Walmart Supercenter #814, located at 2101 South Parrott Avenue, Okeechobee, Florida 34974.

14.    On or about June 6, 2024, Plaintiff, HUBBARD, prepared and served Campbell's SpaghettiOs to herself and to her minor child, P.L., at their home in Okeechobee County, Florida.

15.    After Plaintiff, HUBBARD, and P.L. had consumed portions of the Campbell's

3

SpaghettiOs, Plaintiff, HUBBARD, discovered what appeared to be worms or parasites actively moving within the food. Plaintiff, HUBBARD, documented the contamination in multiple videos, which clearly depict worm-like organisms moving within the food product.

16. The Campbell's SpaghettiOs product was contaminated with parasites and/or worms, rendering it adulterated, defective, and unfit for human consumption at the time it was manufactured, distributed, supplied, and/or sold by DEFENDANTS.

17. As a direct and proximate result of consuming the contaminated Campbell's SpaghettiOs, Plaintiff, HUBBARD, suffered serious and permanent injuries and damages including, but not limited to: a parasitic infection; gastrointestinal illness; sepsis; hepatic injury and nonalcoholic fatty liver disease; iron deficiency anemia requiring intravenous iron infusion therapy; and chronic Post-Traumatic Stress Disorder (PTSD). HUBBARD sought and continues to seek medical care for these injuries.

18. As a direct and proximate result of consuming the contaminated Campbell's SpaghettiOs, P.L. suffered serious injuries and damages including, but not limited to: abdominal pain; nausea; vomiting; diarrhea; a parasitic infection requiring treatment with Albendazole; and psychological injuries including adjustment disorder with mixed disturbance of emotions and conduct. P.L. sought and continues to seek medical and psychological care for these injuries.

19. At all times material hereto, Plaintiff, HUBBARD, and P.L. exercised ordinary care for their own safety.

20. DEFENDANTS are responsible for the contamination of the Campbell's SpaghettiOs product that caused the injuries sustained by Plaintiff, HUBBARD, and P.L.

**COUNT I: NEGLIGENCE - CLAIM OF MARY HUBBARD**
**AGAINST ALL DEFENDANTS**

21. Plaintiff, HUBBARD, realleges and incorporates herein paragraphs 1 through 20.

22.     At all times material hereto, DEFENDANTS owed a duty of reasonable care to Plaintiff, HUBBARD, as a consumer of their products, to design, manufacture, distribute, supply, inspect, test, and sell food products that were safe, free from contamination, and fit for human consumption.

23.     DEFENDANTS knew, or in the exercise of reasonable care, should have known, that a failure to properly manufacture, process, inspect, and distribute their canned food products could result in contamination of those products with parasites and/or other harmful substances, causing serious injury to consumers, including Plaintiff, HUBBARD.

24.     DEFENDANTS breached their respective duties of care by, among other things: (a) failing to adequately inspect and test the SpaghettiOs product for contamination prior to distribution and sale; (b) failing to implement and maintain adequate quality control and food safety measures to prevent parasitic contamination of the product; (c) failing to detect the parasitic contamination during the manufacturing, supply, and/or retail chain; (d) placing and/or permitting a contaminated, adulterated, and unreasonably dangerous food product into the stream of commerce; and (e) failing to warn consumers of the risk of contamination.

25.     As a direct and proximate result of the negligence and/or carelessness of DEFENDANTS, Ms. Hubbard suffered serious harms and losses that include, but are not limited to, the following:

a.     Bodily injury;

b.     Medical and related expenses, both past and future;

c.     Serious pain and suffering, both past and future;

d.     Mental anguish, both past and future;

e.     Loss of enjoyment of life;

    f.      Diminished capacity for enjoyment of life in the future;

    g.      Inconvenience;

    h.      Disfigurement and scarring;

    i.      Lost earnings and loss of earning capacity;

    j.      Permanent disability and impairments.

WHEREFORE, Plaintiff, MARY HUBBARD, demands a trial by jury on all issues and judgment for damages as described above against DEFENDANTS, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-MART STORES EAST, LP, and such other and further relief as this Honorable Court deems just and appropriate.

### COUNT II: NEGLIGENCE - CLAIM OF MARY HUBBARD AND GREGORY LOVELL, AS PARENTS AND NATURAL GUARDIANS OF P.L., A MINOR, AGAINST ALL DEFENDANTS

26.    Plaintiffs, MARY HUBBARD and GREGORY LOVELL, as Parents and Natural Guardians of P.L., a Minor, reallege and incorporate herein paragraphs 1 through 20.

27.    At all times material hereto, DEFENDANTS owed a duty of reasonable care to P.L., as a consumer of their products, to design, manufacture, distribute, supply, inspect, test, and sell food products that were safe, free from contamination, and fit for human consumption.

28.    DEFENDANTS knew, or in the exercise of reasonable care, should have known, that a failure to properly manufacture, process, inspect, and distribute their canned food products could result in contamination of those products with parasites and/or other harmful substances, causing serious injury to consumers, including P.L.

29.    DEFENDANTS breached their respective duties of care by, among other things: (a) failing to adequately inspect and test the SpaghettiOs product for contamination prior to

distribution and sale; (b) failing to implement and maintain adequate quality control and food safety measures to prevent parasitic contamination of the product; (c) failing to detect the parasitic contamination during the manufacturing, supply, and/or retail chain; (d) placing and/or permitting a contaminated, adulterated, and unreasonably dangerous food product into the stream of commerce; and (e) failing to warn consumers of the risk of contamination.

30.     As a direct and proximate result of the negligence and/or carelessness of DEFENDANTS, P.L. suffered serious harms and losses that include, but are not limited to, the following:

    a.    Bodily injury;

    b.    Medical and related expenses, both past and future;

    c.    Serious pain and suffering, both past and future;

    d.    Mental anguish, both past and future;

    e.    Loss of enjoyment of life;

    f.    Diminished capacity for enjoyment of life in the future;

    g.    Inconvenience;

    h.    Disfigurement and scarring;

    i.    Loss of earning capacity;

    j.    Permanent disability and impairments.

WHEREFORE, Plaintiffs, MARY HUBBARD and GREGORY LOVELL, as Parents and Natural Guardians of P.L., a Minor, demand a trial by jury on all issues and judgment for damages as described above against DEFENDANTS, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-MART STORES EAST, LP, and such other and further relief as this Honorable Court deems just and appropriate.

## COUNT III: VIOLATION OF 21 U.S.C. § 342 - CLAIM OF MARY HUBBARD AGAINST ALL DEFENDANTS

31.     Plaintiff, HUBBARD, realleges and incorporates herein paragraphs 1 through 20.

32.     At all times material hereto, DEFENDANTS were involved in the manufacture, processing, distribution, supply, and/or sale of Campbell's SpaghettiOs as a food product in interstate commerce.

33.     Pursuant to 21 U.S.C. § 342, a food shall be deemed to be adulterated if it consists in whole or in part of any filthy, putrid, or decomposed substance, or if it is otherwise unfit for food; or if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health.

34.     The Campbell's SpaghettiOs product purchased and consumed by Plaintiff, HUBBARD, was adulterated within the meaning of 21 U.S.C. § 342 in that it consisted, in whole or in part, of filthy and/or putrid substances, including parasites and/or worms, and/or was otherwise unfit for food, and/or was prepared, packed, or held under insanitary conditions whereby it became contaminated with filth and/or was rendered injurious to health.

35.     DEFENDANTS' sale and distribution of the adulterated Campbell's SpaghettiOs product in violation of 21 U.S.C. § 342 was a direct and proximate cause of the injuries and damages sustained by Plaintiff, HUBBARD.

36.     As a direct and proximate result of DEFENDANTS' violation of 21 U.S.C. § 342, Plaintiff, HUBBARD, sustained the following past and future damages:

      a.     Bodily injury;

      b.     Medical and related expenses, both past and future;

      c.     Serious pain and suffering, both past and future;

      d.     Mental anguish, both past and future;

e.   Loss of enjoyment of life;

f.   Diminished capacity for enjoyment of life in the future;

g.   Inconvenience;

h.   Disfigurement and scarring;

i.   Lost earnings and loss of earning capacity;

j.   Permanent disability and impairments.

**WHEREFORE**, Plaintiff, MARY HUBBARD, demands a trial by jury on all issues and judgment for damages as described above against DEFENDANTS, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-MART STORES EAST, LP, and such other and further relief as this Honorable Court deems just and appropriate.

## COUNT IV: VIOLATION OF 21 U.S.C. § 342 - CLAIM OF MARY HUBBARD AND GREGORY LOVELL, AS PARENTS AND NATURAL GUARDIANS OF P.L., A MINOR, AGAINST ALL DEFENDANTS

37.   Plaintiffs, MARY HUBBARD and GREGORY LOVELL, as Parents and Natural Guardians of P.L., a Minor, reallege and incorporate herein paragraphs 1 through 20.

38.   At all times material hereto, DEFENDANTS were involved in the manufacture, processing, distribution, supply, and/or sale of Campbell's SpaghettiOs as a food product in interstate commerce.

39.   Pursuant to 21 U.S.C. § 342, a food shall be deemed to be adulterated if it consists in whole or in part of any filthy, putrid, or decomposed substance, or if it is otherwise unfit for food; or if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health.

40.   The Campbell's SpaghettiOs product purchased and consumed by P.L. was

adulterated within the meaning of 21 U.S.C. § 342 in that it consisted, in whole or in part, of filthy and/or putrid substances, including parasites and/or worms, and/or was otherwise unfit for food, and/or was prepared, packed, or held under insanitary conditions whereby it became contaminated with filth and/or was rendered injurious to health.

41.     DEFENDANTS' sale and distribution of the adulterated Campbell's SpaghettiOs product in violation of 21 U.S.C. § 342 was a direct and proximate cause of the injuries and damages sustained by P.L.

42.     As a direct and proximate result of DEFENDANTS' violation of 21 U.S.C. § 342, P.L. sustained the following past and future damages:

      a.     Bodily injury;

      b.     Medical and related expenses, both past and future;

      c.     Serious pain and suffering, both past and future;

      d.     Mental anguish, both past and future;

      e.     Loss of enjoyment of life;

      f.     Diminished capacity for enjoyment of life in the future;

      g.     Inconvenience;

      h.     Disfigurement and scarring;

      i.     Loss of earning capacity;

      j.     Permanent disability and impairments.

**WHEREFORE**, Plaintiffs, MARY HUBBARD and GREGORY LOVELL, as Parents and Natural Guardians of P.L., a Minor, demand a trial by jury on all issues and judgment for damages as described above against DEFENDANTS, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-MART STORES EAST, LP,

and such other and further relief as this Honorable Court deems just and appropriate.

## COUNT V: STRICT LIABILITY - CLAIM OF MARY HUBBARD AGAINST ALL DEFENDANTS

43.     Plaintiff, HUBBARD, realleges and incorporates herein paragraphs 1 through 20.

44.     At all times material hereto, DEFENDANTS were engaged in the business of designing, manufacturing, processing, distributing, supplying, and/or selling Campbell's SpaghettiOs and placed the product into the stream of commerce.

45.     The Campbell's SpaghettiOs product was defective and unreasonably dangerous when it left the control of DEFENDANTS in that it was contaminated with parasites and/or worms, rendering it unfit and unsafe for human consumption.

46.     The defective and unreasonably dangerous condition of the Campbell's SpaghettiOs product was a direct and proximate cause of the injuries and damages sustained by Plaintiff, HUBBARD.

47.     Plaintiff, HUBBARD, used the Campbell's SpaghettiOs product in the manner in which it was intended to be used.

48.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Campbell's SpaghettiOs product, Plaintiff, HUBBARD, sustained the following past and future damages:

a.     Bodily injury;

b.     Medical and related expenses, both past and future;

c.     Serious pain and suffering, both past and future;

d.     Mental anguish, both past and future;

e.     Loss of enjoyment of life;

f.     Diminished capacity for enjoyment of life in the future;

11

g.      Inconvenience;

h.      Disfigurement and scarring;

i.      Lost earnings and loss of earning capacity;

j.      Permanent disability and impairments.

**WHEREFORE**, Plaintiff, MARY HUBBARD, demands a trial by jury on all issues and judgment for damages as described above against DEFENDANTS, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-MART STORES EAST, LP, and such other and further relief as this Honorable Court deems just and appropriate.

## COUNT VI: STRICT LIABILITY - CLAIM OF MARY HUBBARD AND GREGORY LOVELL, AS PARENTS AND NATURAL GUARDIANS OF P.L., A MINOR, AGAINST ALL DEFENDANTS

49.     Plaintiffs, MARY HUBBARD and GREGORY LOVELL, as Parents and Natural Guardians of P.L., a Minor, reallege and incorporate herein paragraphs 1 through 20.

50.     At all times material hereto, DEFENDANTS were engaged in the business of designing, manufacturing, processing, distributing, supplying, and/or selling Campbell's SpaghettiOs and placed the product into the stream of commerce.

51.     The Campbell's SpaghettiOs product was defective and unreasonably dangerous when it left the control of DEFENDANTS in that it was contaminated with parasites and/or worms, rendering it unfit and unsafe for human consumption.

52.     The defective and unreasonably dangerous condition of the Campbell's SpaghettiOs product was a direct and proximate cause of the injuries and damages sustained by P.L.

53.     P.L. used the Campbell's SpaghettiOs product in the manner in which it was

12

intended to be used.

54. As a direct and proximate result of the defective and unreasonably dangerous condition of the Campbell's SpaghettiOs product, P.L. sustained the following past and future damages:

a. Bodily injury;

b. Medical and related expenses, both past and future;

c. Serious pain and suffering, both past and future;

d. Mental anguish, both past and future;

e. Loss of enjoyment of life;

f. Diminished capacity for enjoyment of life in the future;

g. Inconvenience;

h. Disfigurement and scarring;

i. Loss of earning capacity;

j. Permanent disability and impairments.

**WHEREFORE**, Plaintiffs, MARY HUBBARD and GREGORY LOVELL, as Parents and Natural Guardians of P.L., a Minor, demand a trial by jury on all issues and judgment for damages as described above against DEFENDANTS, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-MART STORES EAST, LP, and such other and further relief as this Honorable Court deems just and appropriate.

## COUNT VII: BREACH OF IMPLIED WARRANTY - CLAIM OF MARY HUBBARD AGAINST ALL DEFENDANTS

55. Plaintiff, HUBBARD, realleges and incorporates herein paragraphs 1 through 20.

56. At all times material hereto, DEFENDANTS, as the manufacturers, distributors, suppliers, and/or sellers of Campbell's SpaghettiOs, impliedly warranted that the product was of

13

merchantable quality and fit for the ordinary purpose for which it was intended, namely, human consumption.

57. The Campbell's SpaghettiOs product was not of merchantable quality and was not fit for human consumption in that it was contaminated with parasites and/or worms when it was sold and delivered to Plaintiff, HUBBARD.

58. DEFENDANTS breached the implied warranty of merchantability by placing into the stream of commerce, distributing, and/or selling Campbell's SpaghettiOs that were contaminated with parasites and/or worms and were therefore unfit for human consumption.

59. As a direct and proximate result of DEFENDANTS' breach of the implied warranty of merchantability, Plaintiff, HUBBARD, sustained the following past and future damages:

   a. Bodily injury;

   b. Medical and related expenses, both past and future;

   c. Serious pain and suffering, both past and future;

   d. Mental anguish, both past and future;

   e. Loss of enjoyment of life;

   f. Diminished capacity for enjoyment of life in the future;

   g. Inconvenience;

   h. Disfigurement and scarring;

   i. Lost earnings and loss of earning capacity;

   j. Permanent disability and impairments.

**WHEREFORE**, Plaintiff, MARY HUBBARD, demands a trial by jury on all issues and judgment for damages as described above against DEFENDANTS, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-

MART STORES EAST, LP, and such other and further relief as this Honorable Court deems just and appropriate.

**COUNT VIII: BREACH OF IMPLIED WARRANTY - CLAIM OF MARY HUBBARD AND GREGORY LOVELL, AS PARENTS AND NATURAL GUARDIANS OF P.L., A MINOR, AGAINST ALL DEFENDANTS**

60.     Plaintiffs, MARY HUBBARD and GREGORY LOVELL, as Parents and Natural Guardians of P.L., a Minor, reallege and incorporate herein paragraphs 1 through 20.

61.     At all times material hereto, DEFENDANTS, as the manufacturers, distributors, suppliers, and/or sellers of Campbell's SpaghettiOs, impliedly warranted that the product was of merchantable quality and fit for the ordinary purpose for which it was intended, namely, human consumption.

62.     The Campbell's SpaghettiOs product was not of merchantable quality and was not fit for human consumption in that it was contaminated with parasites and/or worms when it was sold and delivered.

63.     DEFENDANTS breached the implied warranty of merchantability by placing into the stream of commerce, distributing, and/or selling Campbell's SpaghettiOs that were contaminated with parasites and/or worms and were therefore unfit for human consumption.

64.     As a direct and proximate result of DEFENDANTS' breach of the implied warranty of merchantability, P.L. sustained the following past and future damages:

a.     Bodily injury;

b.     Medical and related expenses, both past and future;

c.     Serious pain and suffering, both past and future;

d.     Mental anguish, both past and future;

e.     Loss of enjoyment of life;

f.      Diminished capacity for enjoyment of life in the future;

g.      Inconvenience;

h.      Disfigurement and scarring;

i.      Loss of earning capacity;

j.      Permanent disability and impairments.

**WHEREFORE**, Plaintiffs, MARY HUBBARD and GREGORY LOVELL, as Parents and Natural Guardians of P.L., a Minor, demand a trial by jury on all issues and judgment for damages as described above against DEFENDANTS, CAMPBELL SOUP COMPANY; CAMPBELL SOUP SUPPLY COMPANY, LLC; WALMART, INC.; and WAL-MART STORES EAST, LP, and such other and further relief as this Honorable Court deems just and appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: June 2, 2026

Respectfully submitted,

**FLORIN | GRAY**

***/s/Wolfgang M. Florin***
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
wflorin@floringray.com
**HUNTER A. HIGDON, ESQ.**
Florida Bar No.: 85963
hhigdon@floringray.com
**CHRISTOPHER D. GRAY, ESQ.**
Florida Bar No.: 902004
cgray@floringray.com
16524 Pointe Village Drive, Ste 100
Lutz, Florida 33558
Telephone: (727) 220-4000
Facsimile: (727) 483-7942
*Attorneys for Plaintiffs*